UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JEFFREY WILLIAMS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | 07 C 7054 |
| vs. | ) | |
| | ) | |
| CITY OF CHICAGO, ILLINOIS, and | ) | |
| CHICAGO POLICE OFFICER | ) | Judge Kocoras |
| D. B. STEPNEY, Star No. 11508, and | ) | |
| CHICAGO POLICE OFFICER | ) | Magistrate Judge Brown |
| R. P. EDWARDS, Star No. 13429, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**DEFENDANT OFFICERS DAVID STEPNEY AND RAYMOND EDWARDS' ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, 12(b)6 DEFENSE AND JURY DEMAND**

Defendants Chicago Police Officers David Stepney and Raymond Edwards, (herein after referred to as "Defendants") by one of their attorneys, Suyon Reed, Assistant Corporation Counsel, hereby submit their answer to Plaintiff's Amended Complaint, affirmative defenses, and jury demand to as follows[1]:

**JURISDICTION and VENUE**

1. This action is brought pursuant to 42 U.S.C. § 1983 to redress the deprivation under color of law of plaintiff's rights as secured by the United States Constitution.

**ANSWER:** Defendants admit this action is brought pursuant to 42 U.S.C. § 1983 pursuant to rights secured by the United States Constitution. Defendants deny any deprivation under color of law of plaintiff's rights. Defendants deny any wrongful conduct complained of herein.

---

[1] Defendants Stepney and Edwards only answer for themselves and make no answer for any other named or unnamed defendants.

2. This Court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367.

**ANSWER:** Defendants admit this court has jurisdiction of the action pursuant to 28 U.S.C. §§ 1331, 1343, and 1367. Defendants deny any wrongful conduct complained of herein.

3. Venue is proper under 28 U.S.C. § 1391 (b). All parties reside in this judicial district and the events giving rise to the claims asserted in this complaint occurred within this district.

**ANSWER:** Defendants admit that venue is proper pursuant to 28 U.S.C. Section 1391(b) and that the events giving rise to the claims asserted in this complaint occurred within this district. Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

## PARTIES

4. At all times relevant hereto, Plaintiff Jeffrey Williams was a 49 year-old African-American male resident of Chicago, Illinois.

**ANSWER:** Based on information and belief, Defendants admit the allegations contained in this paragraph.

5. At all times relevant hereto, Defendant Officers were Police Officers for the City of Chicago and were acting under the color of law within the scope of their employment and. [sic]

**ANSWER:** Defendants admit that at the relevant time, they were police officers for the City of Chicago and were acting under color of law within the scope of their employment. Defendants deny the remaining allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

6. Defendant City of Chicago is a municipal corporation, duly incorporated under the laws of the State of Illinois, and is the employer and principal of the Defendant Officers.

**ANSWER:** Defendants admit the allegations contained in this paragraph. Defendant denies any wrongful conduct complained of herein.

## FACTUAL ALLEGATIONS

7.  On or about December 17, 2006, at or near 5307 W. Potomac Ave., Chicago, Illinois, Plaintiff was walking from his home to a convenient store.

**ANSWER:** Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph.

8.  At all times relevant hereto, Plaintiff was acting fully in conformity with all laws, statutes, and ordinances of the United States, the State of Illinois, and the City of Chicago.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

9.  One or more of the Defendant Officers unconstitutionally seized and arrested Plaintiff without an arrest warrant and without probable cause to believe that Plaintiff was or had committed any crime.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

10.  During this unconstitutional detention, one of the Defendant Officers handcuffed Plaintiff and one or more of the Defendant Officers unreasonably searched Plaintiff.

**ANSWER:** Defendants admit plaintiff was handcuffed and searched. Defendants deny the remaining allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

11.  Following the unconstitutional search, Plaintiff was arrested and taken to a Chicago Police Station where he was falsely charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C, and spent approximately three weeks in custody for this matter.

**ANSWER:** Defendants admit that plaintiff was arrested and taken to a Chicago Police station and charged with Possession of a Controlled Substance in violation of 720 ILCS 570.0/402C. Defendants deny the search was unconstitutional and that the charges were false. Defendants are

without knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

12. This false charge against Plaintiff was dismissed after a finding of no probable cause by a Cook County Judge on January 2, 2007.

**ANSWER:** Defendants deny the charge was false. Based on information and belief, Defendants admit that the plaintiff was dismissed after a finding of no probable cause by a Cook County Judge on January 2, 2007.

### Count 1-42 U.S.C. § 1983 False Arrest

13. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants hereby restate and incorporate their answers to paragraphs 1-12 as if fully stated herein.

14. On December 15, 2006, Plaintiff was seized and arrested without a warrant and without probable cause. These seizure and arrest were in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants further aver that they did not have a warrant to arrest plaintiff but they had probable cause.

15. Defendant Officers unlawfully and maliciously arrested Plaintiff and wrongfully detained and searched him without any legal right to do so, in their official capacity as law enforcement officers, under color of state law, and acting within the scope of their employment.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

16. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

    a) As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so

         constitutes deliberate indifference;

b) As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;

c) As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

d) Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

e) The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

f) As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

g) As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

h) The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

     **ANSWER:**    Defendants deny the allegations contained in this paragraph.

     17. The acts committed by Defendant Officers were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT I of Plaintiff's Amended Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count II - 42 U.S.C. § 1983 Unlawful Search

18. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants hereby restate and incorporate their answers to paragraphs 1-12 as if fully stated herein.

19. Defendant Officers searched Plaintiff's person without a search warrant and without probable cause to believe Plaintiff was committing or had committed a crime in violation of the 4th Amendment to the United States Constitution.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

20. The misconduct described in this Count was undertaken pursuant to the policy and practice of the Chicago Police Department in that:

   a) As a matter of both policy and practice, the Chicago Police Department directly encourages the type of misconduct at issue here by failing to adequately train, supervise and control its officers, and its failure to do so constitutes deliberate indifference;
   b) As a matter of both policy and practice, the Chicago Police Department facilitates the type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leading Chicago Police Officers to believe their actions will never be scrutinized and, in that way, directly encourages future abuses such as those affecting Plaintiff; specifically, Chicago Police officers accused of misconduct are aware that the Office of Professional Standards will not fully investigate these accusations and will almost always refuse to recommend discipline even where the officer has engaged in wrongdoing;
   c) As a matter of widespread practice so prevalent as to comprise municipal policy, Officers of the Chicago Police Department abuse citizens in a manner similar to that alleged by Plaintiff in this Count on a frequent basis, yet the

            Chicago Police Department makes findings of wrongdoing in a disproportionately small number of cases;

    d)    Municipal policy-makers are aware of, and condone and facilitate by their inaction, a "code of silence" in the Chicago Police Department, by which Officers fail to report misconduct committed by other Officers, such as the misconduct at issue in this case;

    e)    The City of Chicago has failed to act to remedy the patterns of abuse described in the preceding sub-paragraphs, despite actual knowledge of the same, thereby causing the types of injuries alleged here;

    f)    As a matter of express policy, the City of Chicago does not retain any records which are more than five years old documenting allegations of misconduct against police officers, thereby preventing the City from ascertaining any patterns of abuse which might develop over the course of a Police Officer's career;

    g)    As a matter of express policy, the City of Chicago refuses to take into consideration patterns of allegations of civil rights violations when evaluating the merits of any particular complaint. Regardless, the number of times an Officer is accused of the same misconduct, the Office of Professional Standards is forbidden by the City from considering those allegations if they are deemed "unsustained"; and,

    h)    The problem with the policy identified in the preceding paragraph is that by its own accounting, the City sustains less than 5% of the complaints brought against Police Officers for violations of civil rights.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

21. The aforementioned actions of the Defendant Officers proximately caused Plaintiff to be deprived of his 4th Amendment right to be free from unlawful searches

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT II of Plaintiff's Amended Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count III - False Imprisonment

22.     Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:**     Defendants hereby restate and incorporate their answers to paragraphs 1-12 as if fully stated herein.

23.     Jurisdiction of this Court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:**     Defendants admit that the court has supplemental jurisdiction under title 28, United States Code § 1367. Defendants deny any wrongful conduct complained of herein.

24.     On December 15, 2006, Plaintiff was seized and detained without a warrant and without probable cause. This detention and seizure was in violation of Plaintiff's rights secured under the Fourth and Fourteenth Amendments of the Constitution of the United States.

**ANSWER:**     Defendants admit that plaintiff was lawfully seized. Defendants deny that it was without probable cause. Defendants deny the remaining allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

25.     Defendant Officers and Defendant City unlawfully seized, detained, and wrongfully searched Plaintiff without any legal right to do so.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

26     The acts committed by Defendant Officers and Defendant City were done maliciously, willfully and wantonly, intentionally, and with reasonable certainty that the acts were in violation of the Plaintiff's constitutional rights and would cause harm to Plaintiff.

**ANSWER:**     Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT III of Plaintiff's Amended Complaint, award defendants such costs and fees as

allowed by law, and grant such further relief as this Court deems just and proper.

### Count IV - Malicious Prosecution

27. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants hereby restate and incorporate their answers to paragraphs 1-12 as if fully stated herein.

28. Defendant Officers initiated and continued judicial proceedings against Plaintiff by intentionally making knowingly false statements in police reports and causing false testimony to be presented to a Cook County judge at the preliminary hearing. This false and malicious conduct resulted in Plaintiff being charged with and prosecuted for Possession of a Controlled Substance.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

29. Defendant Officers instituted the judicial proceedings against Plaintiff with malice and with willful and wanton disregard for the truth.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

30. Defendant Officers brought said false charges and continued the prosecution of this false charges in order to cover up their own illegal conduct.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

31. This false charge was dismissed against Plaintiff on January 2, 2007.

**ANSWER:** Defendants deny the allegation that the charge was false. Defendants admit that the case was dismissed against plaintiff on January 2, 2007. Defendants deny any wrongful conduct complained of herein.

32. As a direct and proximate result of this illegal and malicious conduct, Plaintiff has suffered extensive damages, including but not limited to: severe emotional harm, legal and other

out-of-pocket costs and other damages which will be proven at trial.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT IV of Plaintiff's Amended Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

### Count V - Intentional Infliction of Emotional Distress

33. Plaintiff re-alleges paragraphs 1 through 12 as if fully repleaded herein.

**ANSWER:** Defendants hereby restate and incorporate their answers to paragraphs 1-12 as if fully stated herein.

34. Jurisdiction of this court is invoked pursuant to its supplemental jurisdiction under title 28, United States Code § 1367.

**ANSWER:** Defendants admit that the court has supplemental jurisdiction under title 28, United States Code § 1367. Defendants deny any wrongful conduct complained of herein.

35. Defendant Officers' illegal arrest and unlawful seizure of Plaintiff were committed with intentional disregard for Plaintiff's innocence, and amount to extreme and outrageous conduct against Plaintiff.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

36. Defendants intended to inflict severe emotional distress upon Plaintiff and knew that there was a high probability that their conduct would cause him severe emotional distress and mental anguish.

**ANSWER:** Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

37.　As a direct and proximate result of this illegal and malicious conduct, Plaintiff suffered extensive damages, including but riot limited to severe physical and emotional harm, legal and other out-of-pocket costs, and other damages which will be proven at trial.

**ANSWER:**　Defendants deny the allegations contained in this paragraph. Defendants deny any wrongful conduct complained of herein.

WHEREFORE, Defendants respectfully request that this Court enter judgment in their favor as to COUNT V of Plaintiff's Amended Complaint, award defendants such costs and fees as allowed by law, and grant such further relief as this Court deems just and proper.

## Count VI - State Law Claims Against Defendant City
### *Respondeat Superior* and Indemnification

As this count is not directed to Defendants Stepney and Edwards, they make no answer to Count VI of this Complaint.

## AFFIRMATIVE DEFENSES

1.　Defendants are entitled to qualified immunity as a matter of law. Defendants Stepney and Edwards are government officials who perform discretionary functions. At all times material to the events alleged in Plaintiff's Complaint, a reasonable police officer objectively viewing the facts and circumstances that confronted the officer could have believed his actions to be lawful, in light of clearly established law and the information that defendant possessed. Therefore, Defendants, are entitled to qualified immunity as a matter of law.

2.　To the extent that Plaintiff has alleged any state law claims, if Defendants are liable in damages, the total amount of damages to which plaintiff would otherwise be entitled must be reduced by application of principles of comparative fault in proportion to the amount of the willful and wanton or other wrongful conduct of plaintiff, which was the proximate cause of these injuries and damages. Any verdict or judgment obtained by plaintiff based on any finding of

"reckless" willful and wanton behavior, must be reduced by application of the principals of comparative fault, by an amount commensurate with the degree of fault attributed to plaintiff by the jury in this case. People of City of Rolling Meadows, 167 Ill.2d 41, 656 N.E.2d 768, 212 Ill. Dec. 171 (Ill. 1995).

　　　3.　　Defendants were working as Police Officers at the time of this incident. Therefore, as to all state claims alleged by plaintiff, under the Illinois Tort Immunity Act, Defendants are not liable for any of the claims alleged because a public employee is not liable for his acts or omissions in the execution or enforcement of any law, unless such acts or omissions constitute wilful and wanton conduct. 745 ILCS 10/2-202.

　　　4.　　At the time of the events alleged in the Plaintiff's complaint, Defendants were public employees serving in a position involving the determination of policy or the exercise of discretion. Defendants are not liable for any of the claims alleged because the decision to arrest plaintiff was a discretionary decision for which they are immune from liability. 745 ILCS 10/2-201.

　　　5.　　Defendant Officers have absolute immunity for any testimony they may have given in plaintiffs' underlying criminal case. Briscoe v. LaHue, 460 U.S. 325 (1983).

### 12(b)(6) DEFENSE:

　　　1.　　Count V of Plaintiff's Complaint fails to state a claim upon which relief may be granted, for the matters alleged by plaintiff in regard to his claim for intentional infliction of emotional distress are not sufficiently extreme and outrageous to satisfy Illinois law.
In Illinois, in order for plaintiff to prevail against either defendant on his claim for intentional infliction of emotional distress, plaintiff must prove by a preponderance of the evidence that the acts of the employees of the City of Chicago were extreme and outrageous, that the employees of

the City of Chicago acted knowing that emotional distress was certain, or substantially certain to result from their conduct; that conduct of the employees of the City of Chicago proximately caused plaintiff's emotional distress; and that the plaintiff suffered severe emotional distress. "Extreme and outrageous" conduct means conduct that is so outrageous, so extreme as to go beyond all bounds of decency in a civilized society, and is such that the intensity and duration of the distress inflicted is so severe that no person of ordinary sensibilities could be expected to endure it.  See Milton v. Illinois Bell, 101 Ill. App. 3d 75, 427 N.E. 2d 829, 832 (1st Dist. 1981). Here, the plaintiff has not sufficiently pled the elements to survive his emotional distress claim, thus it must be stricken.

## JURY DEMAND

Defendant Officers David Stepney and Raymond Edwards respectfully demand a trial by jury of this cause.

                                       Respectfully submitted,

                                       /s/ Suyon Reed
                                       SUYON REED
                                       Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 6280973

**CERTIFICATE OF SERVICE**

I, Suyon Reed, hereby certify that I have caused a true and correct copy of the above and foregoing **NOTICE OF FILING** and **DEFENDANT OFFICERS DAVID STEPNEY AND RAYMOND EDWARDS ANSWER TO PLAINTIFF'S AMENDED COMPLAINT, AFFIRMATIVE DEFENSES, 12(B)(6) DEFENSE, AND JURY DEMAND,** to be sent via e-filing to the person named in the foregoing Notice, a "Filing User" pursuant to Case Management/Electronic Case Files, on March 24, 2008, in accordance with the rules on electronic filing of documents.

                          Respectfully submitted,

                          /s/ Suyon Reed
                          SUYON REED
                          Assistant Corporation Counsel

30 N. LaSalle Street
Suite 1400
Chicago, Illinois 60602
(312) 744-3283
(312) 744-6566 (Fax)
Atty. No. 6280973